# **<u>Exhibit A</u>**

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Agreement") is made effective as of this ____ day of March, 2024, by and between Jolene E. Wee, in her capacity as plan trustee (the "Trustee") pursuant to the Amended Plan (hereafter defined) of Unimex Corporation (the "Debtor" or "Unimex") and Weiwei Jian, Buffer Zone, LLC and Gold Creek Properties, LLC (together, "Jian" and collectively with the Trustee, the "Parties").

## RECITALS

### Background

**WHEREAS**, on November 16, 2020 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court");

**WHEREAS**, Jolene E. Wee was appointed as the subchapter V trustee;

**WHEREAS**, on April 5, 2021, the Court entered its Order Confirming Plan ("Confirmation Order") confirming the Debtor's Amended Plan of Reorganization ("Amended Plan");

**WHEREAS**, pursuant to the Amended Plan and Confirmation Order the Trustee was authorized to pursue avoidance actions under Chapter 5 of the Bankruptcy Code pursuant to the terms thereof;

**WHEREAS**, on November 14, 2022 the Trustee commenced an adversary proceeding against Weiwei Jian in the United States Bankruptcy Court for the Eastern District of Virginia, seeking to avoid certain equity distributions and other transfers as specified therein and the entry of judgment for the benefit of the Estate pursuant to 11 U.S.C. §§ 544(b), 548, 549 and 550 (the "Adversary Proceeding");

**WHEREAS,** Weiwei Jian denies that he has any liability to the Trustee on account of the allegations in the Complaint.

### The Settlement Negotiations

**WHEREAS**, the Parties have agreed to fully resolve and settle the Adversary Proceeding on the terms set forth in this Agreement; and

**WHEREAS**, the Parties have negotiated and reached this Agreement in good faith.

### THE AGREEMENT

**NOW, THEREFORE**, in consideration of the mutual releases set forth herein and the payment of certain sums provided herein by Jian to the Trustee for the benefit of the Estate,

which the Parties agree is good and valuable consideration for the various covenants and understandings set forth in this Agreement, the Parties hereby agree as follows:

1. <u>Settlement Payment</u>: Jian shall pay to the Trustee the sum of $237,500.00 (collectively, the "Payment"), which amount will be paid as follows: $100,000.00 shall be paid no later than May 1, 2024 and the remaining $137,500.00 will paid monthly installments in the amount of $5,729.17 due on the 1st day of the month thereafter for 24 months, commencing on June 1, 2024 and ending on May 1, 2026. Each Payment shall be made via wire transfer pursuant to the instructions to be provided by the Trustee to Jian.

2. <u>Default</u>: Jian shall be in default ("Default") hereunder if the Trustee has not received any payment within five (5) days of any respective due date. If the Default is not cured within thirty (30) calendar days following notice of such Default to the parties provided in Paragraph 18 hereof, eighteen percent (18%) shall be added to the remaining balance owed and the Trustee shall be authorized to immediately seek judgment against the Parties in the full amount of the remaining Payment as increased pursuant to this paragraph.

3. <u>Release by Trustee</u>: Subject to receipt of the full amount of the Payment as may be increased pursuant to Paragraph 2 hereof, the Trustee hereby releases and forever discharges Jian, his affiliates, subsidiaries, agents, stockholders, officers, directors, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind from each and every right, claim, debt, cause of action, demand, suit for damages, liability, act or right of action that she is authorized to pursue under the Plan. For the avoidance of doubt, this release does not include the Trustee's claims against Yangzhou Putian Shoemaking Co., Ltd, including without limitation those claims brought in Adv. Proc. 22-01051.

4. <u>Release by the Jian</u>: Jian releases and forever discharges the (i) Trustee, (ii) Debtor, (iii) Estate, and (iv) agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind of the Trustee, from each and every right, claim, debt, cause of action, demand, suit for damages, liability, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, against the Debtor's bankruptcy estate.

5. <u>Predecessors, Successors, and Assigns</u>: All persons or business entities granting releases hereby include any assignee, predecessor in interest, or successor in interest of the respective grantor. All persons or business entities released hereby include any predecessor in liability or successor in liability for the released liability.

6. <u>Court Approval</u>: The Parties acknowledge that this Agreement requires approval by the Bankruptcy Court. The Trustee shall file a motion with the Bankruptcy Court seeking entry of an order approving this Agreement (the "Settlement Order"), which Settlement Order shall (i) approve the terms and conditions of this Agreement in all respects; and (ii) authorize and direct the Parties to take any such actions as are reasonably necessary or appropriate to consummate the transactions contemplated by this Agreement. The Parties agree that the motion seeking entry of the Settlement Order shall be promptly set for hearing. Should the Parties, despite their best efforts, fail to obtain Bankruptcy Court approval and entry of the Settlement

Order, then this Agreement shall have no force and effect and the Trustee shall return the Payment or any portion thereof, if made, to Jian.

7. <u>Representations and Warranties:</u>  It is acknowledged that the Trustee and Jian have read this Agreement and have consulted their respective legal counsel, or knowingly chose not to consult legal counsel, before executing same; the Parties have relied upon their own judgment and/or that of their respective legal counsel in executing this Agreement and have not relied on or been induced by any representation, statement or act by any other party which is not referred to in this Agreement; each party enters into the Agreement voluntarily, with full knowledge of its significance; and the Agreement is in all respects complete and final.  The Parties warrant and represent that (a) subject to the rights of the Bankruptcy Estate in the Debtor's assets, each is the sole owner of the Parties' respective rights and claims against any of the other Parties, and they have not assigned, transferred, or conveyed any rights or claims they may have against any of the other Parties to any other person or entity; and (b), each of the Parties has full power and authority to enter into and perform this Agreement without the consent of or duty to notify any other person, entity, or regulatory authority.

8. <u>Legal Fees and Costs</u>: Each of the Parties shall pay its own respective costs and attorney's fees incurred with respect to the Demand and this Agreement.

9. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

10. <u>Amendments</u>: This Agreement may not be orally modified.  This Agreement may only be modified in a writing signed by all of the Parties.

11. <u>Headings</u>: All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

12. <u>Construction</u>: As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary.  "Person" shall include natural persons, corporations, partnerships, and/or any other entity which by law is treated as or has the rights of a natural person.

13. <u>Preparation of Agreement and Construction:</u>  This Agreement has been prepared jointly by each of the Parties, with a full opportunity for the Parties to negotiate its terms.  Accordingly, any rule of law or legal decision that would require interpretation of any ambiguities in this Agreement against the party that has drafted it is not applicable and is hereby waived.

14. <u>Waiver and Modification:</u> The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

15. <u>Jurisdiction and Choice of Law:</u>  By this Agreement, each of the Parties submits to the jurisdiction of the United States Bankruptcy Court for the Eastern District of Virginia for any action to enforce or interpret this Agreement or the United States District Court for the Eastern District of Virginia should the bankruptcy case of Unimex Corporation be closed.  This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia (regardless of the laws that might otherwise govern under applicable Virginia principles of conflicts of law) as to all matters, including but not limited to matters of validity, construction, effect, performance and remedies.

16. <u>Counterparts and Facsimile Signatures</u>: This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if one document had been signed by all of the Parties.  This Agreement may be executed by facsimile or electronic copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

17. <u>Further Necessary Actions:</u>  To the extent that any document is required to be executed by any party to effectuate the purposes of this Agreement, the party will execute and deliver such document to the requesting party.

18. <u>Notices:</u>  Any and all notices required or permitted under this Agreement shall be in writing and shall be sent via both electronic mail and either regular mail or by overnight delivery to the respective parties at the following addresses, unless and until a different address has been designated by written notice to the other Parties:

| | |
|---|---|
| <u>Notice to the Trustee</u><br>Dylan G. Trache, Esq.<br>Nelson Mullins Riley & Scarborough LLP<br>101 Constitution Avenue, NW<br>Suite 900<br>Washington, DC 20001<br>Telephone: 202-689-2800<br>Email:  dylan.trache@nelsonmullins.com<br>*Counsel for Jolene E. Wee, Plan Trustee* | <u>Notice to WeiWei Jian, Buffer Zone and Gold Creek Properties, LLC</u><br>Maurice B. VerStandig, Esq.<br>The VerStandig Law Firm, LLC<br>9812 Falls Roads, #114-160<br>Potomac, MD 20854<br>Telephone:  (301) 444-4600<br>Email:  mac@mbvesq.com<br><br>*Counsel for Weiwei Jian, Buffer Zone, LLC and Gold Creek Properties, LLC* |

4

The Parties hereto have executed this Agreement on the day and year set forth above.

_Jolene Wee_
Digitally signed by Jolene Wee
DN: cn=Jolene Wee, o, ou, email=jwee@jw-infinity.com, c=US
Date: 2024.05.20 13:57:35 -04'00'

Jolene E. Wee, Plan Trustee

DocuSigned by:
_Weiwei Jian_
F54A4D49B2E24DC...

Weiwei Jian

DocuSigned by:
_Weiwei Jian_
F54A4D49B2E24DC...

By: Weiwei Jian

Agent for Buffer Zone, LLC

DocuSigned by:
_Weiwei Jian_
F54A4D49B2E24DC...

By: Weiwei Jian

Agent for Gold Creek Properties, LLC

5