**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case |
| UNIMEX CORPORATION, | ) | No. 20-12535-BFK |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JOLENE E. WEE, PLAN TRUSTEE OF | ) | |
| UNIMEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 24-01044-BFK |
| | ) | |
| WEIWEI JIAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION OF DISMISSAL**

Come now Jolene E. Wee, the Plan Trustee of Unimex Corporation (the "Trustee") and Weiwei Jian ("Mr. Jian"), Buffer Zone, LLC ("BZL"), and Gold Creek Properties, LLC ("GCPL") (Mr. Jian, BZL and GCPL being collectively known as the "Defendants" and each a "Defendant"), by and through respective undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure 41(a)(2), and stipulate to the dismissal of the above-captioned action on the following terms and conditions, with said terms and conditions being expressly subject to the approval of this Honorable Court:

1.      On or before October 5, 2024, Mr. Jian shall make all payments due on or before that date, pursuant to the settlement agreement (the "Settlement Agreement") appended to the complaint herein as Exhibit A.

2. The Settlement Agreement is hereby modified such that Section 2 thereof is stricken and replaced with the following language:

> Jian shall be in default ("Default") hereunder if the Trustee has not received any payment within thirty (30) calendar days of any respective due date, without there being any requirement that Jian be given notice of said Default or an opportunity to cure beyond the thirty (30) day grace period expressly set forth herein; upon the occurrence of any Default, eighteen percent (18%) shall be added to the remaining balance owed and the Trustee shall be authorized to immediately seek judgment against the Parties in the full amount of the remaining Payment as increased pursuant to this paragraph.

3. The Settlement Agreement shall otherwise continue in full force and effect.

4. All parties shall bear their own costs and expenses in connection with the above-captioned adversary proceeding.

Respectfully submitted,

Dated: October 4, 2024

/s/ Maurice B. VerStandig, Esq.
Maurice B. VerStandig, Esq.
Bar No.: 81556
THE BELMONT FIRM
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
mac@dcbankruptcy.com
*Counsel for the Mr. Jian Individually and in his Capacity to Bind the other Defendants Hereto*

/s/ Dylan G. Trache (signed w/ express permission)
Dylan G. Trache, Esq.
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Phone: (202) 689-2800
E-mail: Dylan.trache@nelsonmullins.com
*Counsel to Jolene E. Wee, Subchapter V Plan Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of Octobe, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with a copy to:

Dylan G. Trache, Esq.
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Phone: (202) 689-2800
E-mail: Dylan.trache@nelsonmullins.com
*Counsel to Jolene E. Wee, Subchapter V Plan Trustee*

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.

3